IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTANA McCREE #B-43655, )
)
              Plaintiff, )
)
v. )   No.  06 C 577
)
MICHAEL SHEAHAN, et al., )
)
              Defendants. )

MEMORANDUM OPINION AND ORDER

    Santana McCree ("McCree") who is now in custody at Menard Correctional Center ("Menard"), has tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against Sheriff Michael Sheahan and a number of defendants associated with the Cook County Department of Corrections ("County Jail") based on the asserted violation of McCree's constitutional rights while he was at the County Jail awaiting sentencing. In addition to his lengthy Complaint, McCree has tendered an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), using forms provided by this District Court's Clerk's Office. This memorandum opinion and order addresses the preliminary matters imposed by McCree's filings.

    To begin with, it appears from McCree's allegations and the exhibits attached to the Complaint that he has satisfied the precondition to suit established by 42 U.S.C. §1997e(a), which requires prisoners to exhaust administrative remedies before coming to court. This opinion accordingly turns to some other

threshold matters (although of course the exhaustion issue may be challenged by defendants if it turns out that there is a basis for doing so).

Next, the Application confirms McCree's entitlement to go forward without prepayment of the $250 filing fee pursuant to 28 U.S.C. §1915 ("Section 1915"), and this Court therefore grants the Application (although McCree will be obligated to pay that entire fee in future installments). But because a substantial time gap exists between the November 30, 2005 date of the Application (and the December 2, 2005 date of its accompanying printout showing the transactions in McCree's trust fund account at Menard) and the January 24, 2006 date that is treated as the Complaint's filing date under the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)), this Court cannot now make the calculation required by Section 1915(b)(1) as to McCree's required initial partial payment on account of the $250 fee. This Court accordingly directs the authorities at Menard to provide an updated statement of his inmate trust fund account transactions to cover the period from November 22, 2005 through January 24, 2006.

As for the Motion, McCree has provided an appropriate showing not only as to his financial inability to retain counsel but also as to his unsuccessful efforts to obtain legal representation on his own. That being so, the Motion is granted,

2

and a member of this District Court's trial bar will promptly be appointed to represent McCree on a pro bono publico basis.

Finally, an initial status hearing is set for 9 a.m. April 14, 2006. That should provide enough time for appointed counsel to confer with McCree and for the United States Marshals Service to obtain service on the various defendants.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: February 13, 2006