```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

SANTANA McCREE #B-43655,[1]        )
                                    )
                Plaintiff,          )
                                    )
    v.                              )    No. 06 C 577
                                    )
OFFICER POTEMPA, et al.,            )
                                    )
                Defendants.         )
```

## MEMORANDUM ORDER

This Court's August 9, 2006 memorandum order directed counsel for the parties to address the question of exhaustion of available administrative remedies, which 42 U.S.C. §1997e(a)[2] makes a precondition to a suit by any prisoner such as plaintiff Santana McCree ("McCree") who invokes Section 1983 to charge the violation of his or her constitutional rights resulting from prison conditions. By way of response to that directive, defense counsel has just submitted an affidavit from Rashanda Carroll, the Administrator of Program Services for the Cook County Department of Corrections ("County Jail"), reflecting her search of the records there that failed to turn up any grievance filed by McCree.

---

[1] During the first court appearance of newly-assigned Assistant State's Attorney Romano DiBenedetto this morning, this Court called to his attention his misspelling of two parties' names: "McRee" rather than "McCree" and "Protempa" rather than "Potempa."

[2] All further references to Title 42's provisions will simply take the form "Section--."

In that respect this case involves the consequences of a wrinkle that is frequently encountered in the Illinois correctional system: Until McCree went to trial and was convicted, he was necessarily housed in the County Jail (where the asserted violation of his constitutional rights took place), but he was then transferred to a facility of the Illinois Department of Corrections ("IDOC") to serve his prison term (he is now housed at Menard Correctional Center). That poses the legal question next discussed--one to which counsel to the parties must turn their attention.

Section 1997e(a) applies to "prisoners," so our Court of Appeals has held that its requirement of exhaustion of available administrative remedies applies only to persons who are in custody when they bring suit (Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004)). And as for anyone who may have been transferred within institutions that are part of the IDOC, while all the time remaining a "prisoner," administrative remedies do remain "available" (see 20 Ill. Admin. Code §504.870(a)(4); and for informational purposes in that respect, though not citable as authority, see also Flournoy v. Schomig, No. 04-3737, 2005 WL 2739078 (7th Cir. Oct. 2005)). But where "movement out of an institution may render grievance procedures unavailable if the change in custody status effectively terminates the administrative process" (id. at *2, citing Westefer v. Snyder,

422 F.3d 570, 578 (7th Cir. 2005) and Witzke, 376 F.3d at 753-54), the same rule would not appear to apply.

Accordingly the question that would seem to govern here is whether a statutory requirement of exhaustion of <u>available</u> administrative remedies is to be decided in terms of the plaintiff's situation when suit was filed (in which event McCree's claim may survive that hurdle), or whether instead the failure to have exhausted administrative remedies at the County Jail when they were available to him dooms his action. Counsel for the parties are ordered to address that question by simultaneous filings on or before September 15, 2006, including citations to (but not discussion of[3]) all relevant authorities. Finally, this action is set for a status hearing at 9 a.m. September 20, 2006.

                                                       _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date: August 25, 2006

---

[3] Because this Court will of course read all of the cited authorities, no description of their circumstances or holdings by counsel would add anything to the mix.