```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

SANTANA McCREE #B-43655,        )
                                )
             Plaintiff,         )
                                )
     v.                         )    No.  06 C 577
                                )
OFFICER POTEMPA, et al.,        )
                                )
             Defendants.        )

## MEMORANDUM ORDER

After Santana McCree ("McCree") had filed a pro se Complaint invoking 42 U.S.C. §1983[1] against personnel at the Cook County Department of Corrections ("County Jail"), this Court appointed counsel to represent McCree pro bono publico. Appointed counsel then filed a First Amended Complaint ("FAC") on McCree's behalf, replacing the form Complaint that McCree had used--a form provided by this District Court's Clerk's Office for use by persons in custody. In response the two defendants named in the FAC--Officers Potempa and Seay--filed their Answer, which included as an affirmative defense McCree's asserted failure to have exhausted his administrative remedies as required by Section 1997e(a).

This Court promptly issued its August 9, 2006 memorandum order ("Order I") that directed both counsel to file statements and any appropriate exhibits dealing with the exhaustion or

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

nonexhaustion of administrative remedies. In response defense counsel filed an affidavit as to a search of County Jail records, with attached exhibits purportedly comprising copies of every grievance that McCree had filed.[2]

Both sides' counsel have now done so, with McCree's appointed counsel having provided a photocopy of McCree's Detainee Grievance dated February 8, 2004 (one that the County Jail's Administrator of Program Services Rashanda Carroll, the affiant in defendants' first submission, had missed), which McCree's counsel says shows that her client did satisfy the Section 1997e(a) requirement. But an examination of that Detainee Grievance demonstrates that such is not the case, for although it certainly describes the incident on which the FAC is predicated, the only relief that was sought was "to press charges against Gregory Crowder" ("Crowder," the fellow inmate who stabbed McCree at the County Jail). Neither that grievance nor any other sought relief against either of the two officers who are now named defendants in this action.

---

[2] This Court then issued its August 25, 2006 memorandum order ("Order II") that pointed to a potential problem stemming from the fact that the complained-of incident had occurred at the County Jail, while McCree has since been transferred to a facility of the Illinois Department of Corrections to serve his prison term--a factor that potentially brought into play our Court of Appeals' opinions in Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004) and Flournoy v. Schomig, No. 04-3737, 2005 WL 2739078, at *2 (7th Cir. Oct. 25). Accordingly Order II directed counsel for the parties to provide filings addressing that issue.

That being the case, McCree has clearly failed to satisfy Section 1997e(a)'s statutory precondition to bringing a Section 1983 action.[3]  Although 28 U.S.C. §1915A permits dismissal of a prisoner's complaint upon initial review if the complaint "fails to state a claim upon which relief may be granted," such a dismissal is equally appropriate when later-ascertained facts disclose a fatal flaw.  In this instance defendants' affirmative defense is sound, and this action is dismissed with prejudice for McCree's failure to have satisfied Section 1997e(a).

                                                                         _____  
                                          Milton I. Shadur  
                                          Senior United States District Judge

Date:  September 11, 2006

---

[3]  Crowder, who of course was not a "state actor," could not be the target of a Section 1983 lawsuit.